UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JAMES HOLMES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:08-CV-1142 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

On September 26, 2011, the Court granted the motion of Michael James Holmes to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255. After the United States elected not pursue a new trial, the Court granted the government's motion to dismiss the indictment. Holmes now moves for a certificate of innocence, pursuant to 28 U.S.C. § 2513. The United States opposes the motion.

### I. Background

In June 2006, a jury found Holmes guilty of possessing more than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c). The charges stemmed from a search of a residence at 5894 Cates Avenue by St. Louis police officers on December 9, 2003. Holmes was sentenced to consecutive terms of imprisonment of 240 months and 60 months of imprisonment. The conviction and sentence were affirmed on appeal. United States v. Holmes, 231 Fed. Appx. 535 (8th Cir. 2007).

In his motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, Holmes asserted that he was denied effective assistance of counsel and he challenged the constitutionality of a search by police and the admission of evidence of a prior conviction. In addition, Holmes asserted that he was entitled to a new trial based on newly discovered evidence of criminal acts and official misconduct by two of the government's witnesses—St. Louis police officers Shell Sharp and Bobby Garrett.

Sharp was the only witness who testified at trial about the events leading up to Holmes' arrest. He was the only witness who testified about seeing Holmes drop a bag containing cocaine base and about the discovery of a firearm, currency, heroin, and drug paraphernalia in a third-floor bedroom of the Cates residence. Although a second police officer, Alan Ray, was with Sharp at the time of the events, he did not testify at the trial because he was on active duty in the military. Garrett's testimony related to an event that occurred almost nine years earlier and was admitted under Fed. R. Evid. 404(b). Garrett testified that in January 1995 he participated in the execution of a search warrant at a different house where cocaine base was found in a bedroom occupied by Holmes. Garrett also testified that upon his arrest Holmes admitted that he sold drugs.

In 2009, three years after the trial, the St. Louis Metropolitan Police Department began investigating allegations that Sharp had given perjured testimony in a number of cases and had submitted falsified affidavits to obtain search warrants. One result of the investigation was that the St. Louis Circuit Attorney's office dropped criminal cases in which Sharp had been involved. Also in 2009, Garrett pled guilty to several federal crimes stemming from illegal activities

he engaged in as a police officer. Since then, the government has declined to vouch for the testimony of both officers.

On September 26, 2011, the Court granted Holmes' motion to vacate. In doing so, the Court concluded that the government would have been unable to meet its burden of proof at trial without the testimony of the now-discredited witnesses Sharp and Garrett, and the remaining evidence was insufficient to prove guilt beyond a reasonable doubt.

In response to the motion for a certificate of innocence, the government submits the declaration of Officer Ray, who witnessed the events on December 9, 2003. In the declaration, Ray describes the surveillance he and Sharp conducted at the Cates residence, including his observation of Holmes engaging in two transactions consistent with drug distribution. He further states that after entering the residence, he saw Holmes drop a paper bag and run up the stairs to the third floor. Finally, Ray describes evidence (a loaded shotgun, $4,000 in U.S. currency, suspected heroin, drug paraphernalia, and mail dated August 2003 addressed to Holmes) that he observed in the third-floor bedroom and a statement made by Holmes that he lived on the third floor of the house. In support of his motion, Holmes submits documents showing that he was not living at the Cates address in December 2003.

**II. Discussion**

Section 1495 of Title 28, United States Code, permits an individual "unjustly convicted of an offense against the United States and imprisoned" to assert a claim for damages. The statute provides that the U.S. Court of Federal Claims "shall have

jurisdiction to render judgment" upon such claims. "Any person suing under [28 U.S.C.] section 1495" is required to allege and prove:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

The fact that a criminal conviction has been reversed or set aside is by itself insufficient to establish a movant's entitlement to a certificate of innocence. United States v. Racing Services, Inc., 580 F.3d 710, 712 (8th Cir. 2009) (reversal of conviction based on insufficiency of the prosecution's evidence not enough to support claim for certificate of innocence); Betts v. United States, 10 F.3d 1278, 1284 (7th Cir. 1993) (legislative history of § 1495 and § 2513(a) shows that "Congress did not intend to indemnify every imprisoned person whose conviction had been set aside."). Instead, the movant must prove (1) that he is actually innocent of the charge (*i.e.,* that he "did not commit any of the acts charged or his acts . . . did not constitute and offense against the United States") and (2) that he did nothing to cause or bring about his own prosecution. United States v. Lyons, 726 F. Supp. 2d 1359, 1365 (M.D. Fla. 2010).

As discussed above, Holmes' conviction was set aside due to the insufficiency of the government's evidence in light of the discredited witnesses. The Court made

no finding that Holmes did not commit the crimes with which he was charged. Moreover, no such finding can be made, given the existence of the testimony of Alan Ray, a witness with first-hand knowledge of the events and whose credibility has not been impugned. The proof that Holmes was present at the Cates address on December 9, his statement to the police that he lived in the third-floor bedroom of the residence, and the discovery of the firearm, heroin, currency, and mail addressed to Holmes in the bedroom does not rest on tainted testimony.

Holmes' reliance on a similar case in this district in which a certificate of innocence was issued is misplaced. In <u>Stephen Jones v. United States</u>, No. 4:10-CV-1748-CEJ, the movant's drug conviction was based on the testimony of a detective who was subsequently convicted of several felony offenses arising from his corrupt activities as a police officer. The government conceded that, without the corrupt officer's testimony, there was no evidence that Jones had committed the crime, and it consented to the motion for a certificate of innocence. Unlike the situation in <u>Jones</u>, the government does have evidence that could establish Holmes' guilt.

The Court concludes that Holmes has not met his burden of proving actual innocence.

Establishing the second prong of § 2513(a) requires proof that the movant did not bring about or cause his prosecution, either by misconduct or neglect. Here, there is no claim that Holmes "[had] the ability to avoid prosecution but instead act[ed] in such a way as to insure it" or that he did anything "extra" beyond the conduct charged in the indictment that resulted in his prosecution. <u>Lyons</u>, 726 F.

5

Supp. 2d at 1366 [*citing* United States v. Keegan, 71 F.Supp 623 (S.D.N.Y. 1947), *quoting* Edward M. Borchard, "State Indemnity for Errors of Criminal Justice"]. Even though it is undisputed that the second prong has been established, without proof of actual innocence Holmes is not entitled to relief.

*****

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of Michael James Holmes for a certificate of innocence, pursuant to 28 U.S.C. § 2513 [Doc. # 42] is **denied.**

**IT IS FURTHER ORDERED** that the motions for leave to file a supplemental reply and to file exhibits [Doc. ## 54 and 55] are **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2015.