UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JAMES HOLMES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:08-CV-1142 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On November 3, 2015, the Court entered an order denying the motion of Michael James Holmes for a certificate of innocence, pursuant to 28 U.S.C. § 2513. Presently before the Court is Holmes's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from that order. The United States has filed a response in opposition, and the issues are fully briefed.

### I. Background

#### Proceedings Under 28 U.S.C. § 2255

In June 2006, a jury found Holmes guilty of possessing more than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c). The charges stemmed from a search of a residence at 5894 Cates Avenue by St. Louis police officers on December 9, 2003. Holmes was sentenced to consecutive terms of imprisonment of 240 months and 60 months of imprisonment. The conviction and sentence were affirmed on appeal. *United States v. Holmes*, 231 Fed. Appx. 535 (8th Cir. 2007).

1

Holmes filed a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, claiming that he was denied effective assistance of counsel and challenging the constitutionality of a search by police and the admission of evidence of a prior conviction during his trial. In addition, Holmes asserted that he was entitled to a new trial based on newly discovered evidence of criminal acts and official misconduct by two of the government's witnesses—St. Louis police officers Shell Sharp and Bobby Garrett.

Sharp was the only witness who testified at the criminal trial about the events leading up to Holmes's arrest. He was the only witness who testified about seeing Holmes drop a bag containing cocaine base and about the discovery of a firearm, currency, heroin, and drug paraphernalia in a third-floor bedroom of the Cates residence. Although a second police officer, Alan Ray, was with Sharp at the time of the events, he did not testify at the trial because he was on active duty in the military. Garrett's testimony related to an event that occurred almost nine years earlier and was admitted under Fed. R. Evid. 404(b). Garrett testified that in January 1995 he participated in the execution of a search warrant at a different house where cocaine base was found in a bedroom occupied by Holmes. Garrett also testified that upon his arrest Holmes admitted that he sold drugs.

In 2009, three years after the trial, the St. Louis Metropolitan Police Department began investigating allegations that Sharp had given perjured testimony in a number of cases and had submitted falsified affidavits to obtain search warrants. One result of the investigation was that the St. Louis Circuit Attorney's office dropped criminal cases in which Sharp had been involved. Also in

2009, Garrett pled guilty to several federal crimes stemming from illegal activities he engaged in as a police officer. Since then, the government has declined to vouch for the testimony of both officers.

On September 26, 2011, the Court granted Holmes's motion to vacate. In doing so, the Court concluded that the government would have been unable to meet its burden of proof at trial without the testimony of the now-discredited witnesses Sharp and Garrett, and the remaining evidence was insufficient to prove guilt beyond a reasonable doubt.

## **Certificate of Innocence Proceedings**

In 2012, Holmes filed a motion for a certificate of innocence, pursuant to 28 U.S.C. § 2513, in which he argued that there was no evidence of his guilt other than the discredited testimony of Sharp and Garrett. He also submitted documents which he claimed proved that he was not living at the Cates address in December 2003. In response, the government submitted a declaration of Alan Ray, dated August 22, 2011. In the declaration, Ray described the surveillance he and Sharp conducted at the Cates residence, including his observation of Holmes engaging in two transactions consistent with drug distribution. He further stated that after entering the residence, he saw Holmes drop a brown paper bag and run up the stairs to the third floor. Finally, Ray described evidence (a loaded shotgun, $4,000 in U.S. currency, suspected heroin, drug paraphernalia, and mail dated August 2003 addressed to Holmes) that he observed in the third-floor bedroom and a statement made by Holmes that he lived on the third floor of the house.

The Court found that there was evidence—*i.e.,* Holmes's presence at the Cates address at the time of the search, his statement that he lived in the third-floor bedroom, the mail addressed to him at the Cates address, and the discovery of the firearm, drugs, and currency in the third-floor bedroom—that could establish Holmes's guilt and that did not depend on the tainted testimony of Sharp and Garrett. Thus, the Court concluded that Holmes had not met his burden of proving actual innocence. The motion for a certificate of innocence was denied on November 3, 2015, and Holmes appealed.[1]

## ProceedingS Under 42 U.S.C. § 1983

While the certificate of innocence proceedings were pending, Holmes filed a lawsuit against Sharp and Garrett, asserting claims under 42 U.S.C. § 1983 for violation of his civil rights as well as state law claims of malicious prosecution and false imprisonment.[2] *Michael Holmes v. Mayor Francis G. Slay, et al.*, Case No. 4:12-CV-2333-HEA. Among the witnesses who testified at the trial was Alan Ray.

Ray testified that he was climbing the stairs inside the Cates residence as Holmes was descending. He testified that he saw Holmes drop a brown paper bag and run up toward the third floor. *Id.* Transcript, pp 12-13 [Doc. # 298]. Ray was not asked about the evidence that was found in the third-floor bedroom or about any other details of the incident.

Ray further testified that in August 2011 he "did a declaration" pertaining to the incident. He also stated that he had never signed any sworn statements, but

---

[1] The appeal was stayed to allow Holmes to pursue the instant Rule 60(b) motion.
[2] The members of the St. Louis Board of Police Commissioners were also named as defendants, but summary judgment was granted in their favor.

when asked whether he had ever signed a statement under penalty of perjury, he responded, "I don't know. I don't think so." *Id.* at pp. 7, 9. When asked what he understood a declaration to be, Ray responded: "A declaration---what I did and what I thought it was for---the federal court---was that I was in a courtroom---was in a room with two attorneys, and there was a---I don't know---a stenographer in there, and they asked me questions about the case, and they type it up. . . And I'm also sworn in too." *Id.* at p. 8. The declaration that was submitted in the certificate of innocence proceedings was not offered into evidence at trial and Ray was not asked to identify it.

The jury returned a verdict in favor of Holmes and awarded him $2.5 million in damages.

## II. Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> 
> \*\*\*\*
> 
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 
> \*\*\*\*
> 
> (6) any other reason that justifies relief.

To prevail on a motion for post-judgment relief based upon newly discovered evidence, the movant must show that (1) the evidence was discovered after the entry of judgment; (2) the movant exercised due diligence to discover the evidence before judgment; (3) the evidence is material and not merely cumulative or impeaching; and (4) considering the evidence would probably produce a different

5

result. *See U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir.2003) (discussing factors one must show to prevail under Rule 60(b)(2), which are the same under Rule 59(e)). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Robinson v. Armontrout*, 8 F.3d 6, 7 (8th Cir.1993). In support of his motion, Holmes argues that photographs of the Cates residence, discrepancies in Ray's trial testimony, and the jury's verdict in his favor in the civil trial constitute new evidence.

Holmes asserts that, based on the photographs showing the interior layout of the Cates residence, it was impossible for him to run up the stairs to the third-floor bedroom as the police officers claimed. The layout of the residence existed before the motion for a certificate of innocence was filed, and it was either known to Holmes or easily discoverable by him. Holmes had the opportunity to submit the photographs to the Court to rebut Ray's declaration, but he failed to do so. The photographs do not constitute new evidence.

While Alan Ray's trial testimony was not a model of clarity, it was not inconsistent with the statements he made in the declaration that was submitted to the Court in the certificate of innocence proceedings. In the civil trial, Ray testified that he saw Holmes drop a brown paper bag as he ran up the stairs, just as he stated in his declaration. Although the declaration contains additional details about the contraband that was found and about Holmes's admission that he lived on the third floor of the house, Ray was not asked about any of those details during the trial. Certainly, it cannot be said that Ray contradicted information in the

declaration if he didn't testify about that information at the trial. Further, contrary to Holmes's assertion, Ray did not deny signing the declaration. He testified that he never signed a sworn statement and, alternatively, that he didn't recall signing a statement under penalty of perjury. However, the actual declaration was never shown to him in the civil trial and he was never given the opportunity to acknowledge or dispute it.

Finally, the verdict in the civil trial is not new evidence. The jury found that Sharp and Garrett deprived Holmes of his right to due process by fabricating evidence that resulted in his conviction and imprisonment. The fact that Sharp and Garrett were known to have submitted false affidavits and police reports was known to Holmes well before he filed his motion for a certificate of innocence. Indeed, the fraudulent conduct of the two officers was the basis for Holmes's § 2255 motion to vacate. The jury's verdict only confirmed what was already known. It is not new evidence.

The "exceptional circumstances" required for relief under the catch-all provision of Rule 60(b)(6) must have "denied the movant a full and fair opportunity to litigate his/her claims and have prevented the movant from receiving adequate redress." *Hodge v. Burlington N. & Santa Fe Ry. Co.*, 461 F. Supp. 2d 1044, 1054 (E.D. Mo. 2006) (*citing Harley v. Agostini*, 413 F.3d 866, 871 (8th Cir. 2005)). In the instant case, Holmes has been afforded multiple opportunities to litigate his claim of innocence. He has pursued a motion to vacate, a motion for a certificate of innocence, and a civil lawsuit---all of which were litigated to conclusion. The Court

finds that Holmes has been afforded full and fair opportunity to present his claims and has not been impeded in any way in seeking redress.

*****

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of Michael James Holmes for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. # 83] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2017.